IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

In re:

Genesis Gas & Oil Colorado, LLC

Debtor.

Case No. 24-15005 MER

Chapter 7

**ORDER RE: MOTION FOR REIMBURSEMENT
AND DIRECTIONS REGARDING ESTATE RECORDS**

This matter comes before the Court on the Motion for Reimbursement of Storage Costs and Direction Regarding Estate Records in Possession of Third Party ("**Motion**") filed by March Kimmel ("**Kimmel**").[1] There were no responses to the Motion.

The Debtor commenced the instant bankruptcy case on August 27, 2024, under Chapter 7 of the Bankruptcy Code. The Debtor listed Kimmel as a creditor with an unsecured, nonpriority claim.[2] Kimmel filed the instant Motion on September 15, 2025, asserting, among other things, that pre-petition, the Debtor's corporate records, project data files, and well files (collectively, "**Records**") were left in his custody. Kimmel has been paying to store the Records at a storage facility since January of 2024, and has continued to do so post-petition. Kimmel contends that to date, he has incurred more than $6,000.00 in storage fees.

Sometime after the bankruptcy was filed, Kimmel contacted the Chapter 7 Trustee, Jeffrey A. Weinman ("**Trustee**").[3] Kimmel advised the Trustee that, although he was aware the Records are essential for the benefit of the Debtor's bankruptcy estate, he no longer feels comfortable holding or managing them because he lacks any ownership interest, management role, or operational involvement with the Debtor.[4] As such, Kimmel requests that the Trustee reimburse him for the costs of storing the Records and either have the appropriate party retrieve them or provide guidance on their disposition. Kimmel asserts the Trustee has been unresponsive to his requests. Instead, the Trustee has informed Kimmel that destroying, disposing of, or otherwise abandoning the Records may constitute a violation of the automatic stay, yet has provided no guidance on what to do with them.

---

[1] ECF No. 32. Kimmel also filed a Letter to Court on September 8, 2025, at ECF No. 31 seeking the same relief.

[2] ECF No. 1 at 17, § 3.10.

[3] ECF No. 32, Ex. B.

[4] *Id.*

Although there are no allegations or documents evidencing the Debtor appointed Kimmel as a custodian of the Records, it appears Kimmel nonetheless meets the definition of a custodian. Pursuant to § 101(11), the term "custodian" is defined as:

> A receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title; assignee under a general assignment for the benefit of the debtor's creditors; or a trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors.[5]

"The legislative history of the definition indicates that Congress intended the term 'custodian' to encompass a variety of prepetition agents who have taken charge of a debtor's assets."[6] The categories of custodians listed in § 101(11) are meant to be descriptive rather than exhaustive.[7] For a custodian to be paid from the bankruptcy estate, they must have been in possession of the estate's property when the bankruptcy petition was filed.[8] When such a custodian is in possession of property as of the petition date, the actual and necessary fees incurred may be an allowed administrative expense.[9]

Here, Kimmel had the Records, which are property of the Debtor's bankruptcy estate, prior to the petition date, and has continued to preserve and store them.[10] As such, Kimmel is a custodian and is entitled to an administrative expense claim pursuant to § 503(b)(3)(E) for the actual and necessary expenses of storing and preserving the Records.

Kimmel also requests the Trustee promptly remove the records from his possession or, alternatively, authorize Kimmel to continue to store the Records on behalf of the estate. Because the Trustee is responsible for taking possession of estate

---

[5] 11 U.S.C. § 101(11)(A)-(C). Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code.

[6] *In re Pavement Markings Northwest, Inc.*, 612 B.R. 218, 228 (Bankr. D. Idaho 2020) (*citing Matter of Cash Currency Exchange, Inc.*, 762 F.2d 542, 553 (7th Cir. 1985), *cert. denied Fryzel v. Cash Currency Exchange, Inc.*, 474 U.S. 904 (1985); *In re Redman Oil Co.*, Inc., 95 B.R. 516, 520 (Bankr. S.D. Ohio 1988)).

[7] *Id.*

[8] 11 U.S.C. §§ 503(b)(3)(E) & 543(c)(2); *In re Pavement Markings Northwest, Inc.*, 612 B.R. at 229 ("Put another way, neither [§ 503(b)(3)(E) or 543 (c)(2)] creates a prioritized claim procedure for past custodians, only those in custody of qualifying property on the petition date . . . The Court thus emphasized that § 503 applies to custodians 'superseded under section 543 of this title' and this means those custodians who had been in possession, custody, or control of property of the debtor . . . on the petition date"); *In re American Motor Club, Inc.*, 125 B.R. 79, 83 (Bankr. E.D.N.Y. 1991).

[9] 11 U.S.C. § 503(b)(3)(E).

[10] ECF No. 32 at ¶¶ 2 & 6; ECF No. 32, Ex. B; 11 U.S.C. § 541(a).

property, and has otherwise failed to provide Kimmel with any guidance on how to proceed with storing the Records, the Court

ORDERS on or before **November 3, 2025**, the Trustee shall respond, in writing, explaining to the Court how the Trustee intends to proceed with storing the Records. The Court

FURTHER ORDERS on or before **December 1, 2025**, Kimmel shall file a motion for administrative expenses in compliance with 11 U.S.C. § 503(b)(3)(E) and L.B.R. 9013-1. [11]

Dated October 20, 2025

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

---

[11] The filing and prosecuting of motions in the Bankruptcy Court is extremely complex. It is difficult to proceed successfully with such litigation without the help of competent legal counsel.